UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DESHAN WATSON,<br><br>               Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF CORRECTIONS,<br>et al.,<br><br>               Defendants. | CASE NO. C17-5968 BHS<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 27, and Plaintiff Deshan Watson's ("Watson") objections to the R&R, Dkt. 28.

On November 15, 2018, Judge Fricke issued the R&R recommending that the Court grant Defendants' motion for summary judgment on all of Watson's claims or grant summary judgment on the federal claims and decline to exercise supplemental jurisdiction over the state law claims. Dkt. 27. On November 29, 2018, Watson filed objections. Dkt. 28. On December 12, 2018, Defendants responded. Dkt. 30.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

ORDER - 1

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Watson objects to Judge Fricke's recommendation that (1) he failed to establish a genuine issue of material fact regarding Defendants Scott Light ("Light") and Sara Smith's ("Smith") deliberate indifference to Watson's serious medical need and (2) the Court should dismiss Watson's Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims. Dkt. 28. First, the Court agrees with Judge Fricke that Watson has failed to submit sufficient evidence that Light or Smith acted with deliberate indifference. All of the medical tests in the record support the conclusion that Watson is not gluten intolerant. Even the records from Watson's hospitalization indicate that the most likely cause was complications from a kidney stone and not gluten intolerance. In light of these facts, Watson has failed to establish a question of fact that either Light or Smith were indifferent to the serious medical condition of gluten intolerance. Therefore, the Court adopts the R&R on this issue.

Second, Watson argues that Defendant Washington State Department of Corrections ("DOC") can be held liable under the ADA and the RA. Dkt. 28 at 4. The Court agrees and finds that the R&R could be misread on this issue. Judge Fricke recommends dismissing Watson's § 1983 claim against the DOC because the DOC is not a person subject to suit under § 1983. Dkt. 27 at 7. Regarding Watson's ADA and RA claims, Judge Fricke concludes that "[a]s discussed above, DOC should be dismissed as a defendant." Dkt. 27 at 14. While this could be construed as dismissing DOC because it is not subject to suit under either act, it can also be construed as dismissing Watson's

claims because he has failed to show deliberate indifference under both acts. *See Updike v. Multnomah Cty.*, 870 F.3d 939, 951 (9th Cir. 2017) ("A public entity may be liable for damages under Title II of the ADA or § 504 of the Rehabilitation Act 'if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons.'") (quoting *Mark H. v. Lemahieu*, 513 F.3d 922, 937–38 (9th Cir. 2008)). Regarding the latter, Watson has failed to establish deliberate indifference as to any DOC employee and thus failed to establish DOC's liability. The Court grants Defendants' motion on this issue and for this reason.

Finally, regarding supplemental jurisdiction, the Court will maintain supplemental jurisdiction to address and adopt the R&R on the merits of Watson's state law claims because he fails to object to the R&R on these issues. Therefore, the Court having considered the R&R, Watson's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion for summary judgment is **GRANTED**;

(3) Watson's *in forma pauperis* status is **REVOKED** for purposes of appeal; and

(4) The Clerk shall enter a JUDGMENT and close the case.

Dated this 31st day of January, 2019.

BENJAMIN H. SETTLE
United States District Judge